EUGENE JACCARD et al., Appellants, v. ELLEN DAVIS et al., Respondents.

1. *Practice, Civil—New trial on ground of mistake or perjury of witness, when granted.*— The granting of a new trial in cases of perjury or mistake by a witness rests in the sound discretion of the Circuit Court, and it would require a case of the grossest character to authorize the Supreme Court to interfere.

2. *Practice—New trial on ground of newly-discovered evidence designed to impeach former witness not granted.*—It is well settled that a new trial will not be granted on the ground of newly-discovered evidence which is simply intended to impeach or contradict the testimony of a witness at the original trial.

*Appeal from St. Louis Circuit Court.*

*Lackland & Martin*, for appellants.

*Cline, Jamison & Day*, for respondents.

A new trial will not be granted on account of newly-discovered evidence, if the evidence is only material to impeach or contradict witnesses sworn at the former trial, nor where the evidence is merely cumulative. (Briggs v. Lynch, 22 Mo. 558 ; Harrington v. Bigelow, 2 Denio, 109 ; Bunn v. Hoyt, 3 Johns. 256 ; Halsey v. Watson, 1 Caine, 25 ; Cummins v. Walden, 4 Blackf. 307.)

WAGNER, Judge, delivered the opinion of the court.

The action was upon an account for jewelry and other articles sold and delivered to Ellen Davis, one of the defendants, in the sum of $3,209.05. It was alleged in the petition that she was a married woman possessed of a separate estate, and judgment was asked against her separate property. The trial was had before the court without the intervention of a jury; no instructions were asked or given. At the trial a member of the plaintiff's firm was introduced as a witness, who proved up the account. Mrs. Davis was then sworn for the defense, and she testified that some of the articles had been paid for, and that some of the others were sold to her husband, and that she was not responsible for them. · Jaccard was then called for the plaintiffs, but he corroborated Mrs. Davis as to certain articles being sold to her husband. The court gave judgment for plaintiffs for the sum of $1,989.96. The plaintiffs filed their motion for a new trial, and assigned as reasons: 1. Because the judgment was against the law and the evidence. 2. Because the defendant Ellen Davis testified falsely. 3. Because since the trial they had discovered other testimony material to the case. The motion was overruled.

As to the first ground, there was no question of law raised, and it is needless to repeat the remark that this court will not enter into a consideration of the weight of testimony. The statute gives the Circuit Court power to grant a new trial where it is satisfied that perjury or mistake has been committed by a witness,

and that an improper verdict or finding was occasioned in consequence thereof. But the matter rests in the sound discretion of the court upon being satisfied that the facts exist, and it would require a case of the grossest character to authorize this court to interfere. Where there is a difference in statements, as in this case, how are we to tell to which party the most credibility is to be attached?

As to the newly-discovered evidence, it is sufficient to say that it furnished no grounds for a new trial. The mistake that Jaccard alleges that he committed, by not examining his books, could easily have been guarded against by the exercise of a little diligence. The other evidence was simply intended to impeach or contradict the testimony of Mrs. Davis, and it is well settled that a new trial will not be granted for that purpose.

Judgment affirmed. The other judges concur.